**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Lawrence Gunderson,<br><br>Plaintiff,<br><br>v.<br><br>Corizon, et al.,<br><br>Defendants. | No. CV-17-01791-PHX-DWL (ESW)<br><br>**ORDER** |

Pending before the Court is Defendants' Rule 60 Motion for Relief from This Court's December 6, 2018 Order (Doc. 29). For the following reasons, the motion is denied as moot in part and granted in part.

**BACKGROUND**

On December 6, 2018, the Court issued an Order noting that the deadline for filing dispositive motions had expired and no dispositive motions were pending, and therefore ordering the parties to file by December 20, 2018 a joint status report indicating the estimated length of trial and proposing at least two dates on which they would be available to proceed to trial. (Doc. 27.)

On December 14, 2018, the two remaining Defendants in this action, Maureen Johnson and Nick Salyer, both represented by the same counsel, filed the present motion, explaining that the dispositive motion deadline had been missed due to a calendaring error and requesting (1) that the Court's December 6, 2018 Order be set aside, and (2) that Defendants be afforded the opportunity to file a dispositive motion, which was attached to

the Rule 60 Motion as Exhibit A. (Doc. 29 at 6.)

On December 20, 2018, Defendants timely filed the joint status report ordered by the Court. (Doc. 31.) Because Defendants have already complied with the Court's December 6, 2018 Order, the motion is denied as moot to the extent that Defendants requested that the December 6, 2018 Order be set aside. The remainder of this Order considers Defendants' request for an extension of the dispositive motion deadline.

## DISCUSSION

### I.     Legal Standard

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [due to] mistake, inadvertence, surprise, or excusable neglect." Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Here, although Defendants framed their motion as one seeking relief from the Court's December 6, 2018 Order, the main thrust of the motion is to request an extension of the dispositive motion deadline, and therefore the applicable Rule is 6(b)(1)(B), not 60(b)(1). Nevertheless, the standard for relief is the same for both rules, as both require a determination of whether there has been "excusable neglect."[1]

The Supreme Court has explained that "excusable neglect" can encompass mistakes and carelessness: "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388

---

[1] In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court addressed the meaning of the phrase "excusable neglect" as it appears in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure and specifically noted that Rule 9006(b)(1) "was patterned after" Rule 6(b) of the Federal Rules of Civil Procedure. 507 U.S. at 391. The Ninth Circuit subsequently confirmed that the *Pioneer* test applies in the context of Rule 6(b), as well as Rule 60(b) of the Federal Rules of Civil Procedure and Rule 4(a)(5) of the Federal Rules of Appellate Procedure. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997).

(1993).

Whether the neglect is "excusable" is a flexible standard, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. At a minimum, courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* Failure to consider all four factors constitutes an abuse of discretion. *Lemoge v. United States*, 587 F.3d 1188, 1192-93 (9th Cir. 2009). No single factor is determinative. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997).

When assessing whether a failure to act was caused by "excusable neglect," a court may not impose per se rules. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) ("We now hold that per se rules are not consistent with *Pioneer* . . . ."). There can be "no rigid legal rule against late filings attributable to any particular type of negligence." *Id.* at 860 (affirming that a paralegal's calendaring error was "excusable negligence."). Even when the reason for the delay is weak, where the equities favor excusing the negligence, the court must do so. *Bateman*, 231 F.3d at 1224-25 (reason for delay was travel, jet lag, and the time it took to sort through mail).

Once a district court has considered and weighed all four *Pioneer* factors, and any other factors it deems appropriate on a case-by-case basis, the court has broad discretion to grant or deny the motion. *Pincay*, 389 F.3d at 859 ("[T]he decision whether to grant or deny an extension of time . . . should be entrusted to the discretion of the district court because the district court is in [the best position] to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . , and the likelihood of injustice if the appeal was not allowed.").

## II. Analysis

The Court first considers the danger of prejudice to Plaintiff. This factor weighs in favor of Defendants because Plaintiff has not taken any action in this litigation since May 9, 2018, and there is no evidence that Plaintiff has altered his litigation strategy because of the lapsed deadline for dispositive motions. *Lemoge*, 587 F.3d at 1196 ("The [non-movant] does not indicate how it would have changed its strategy . . . , or that a different strategy would have benefitted [it]."). Moreover, Plaintiff has not opposed the motion. See LRCiv 7.2(b) (providing 14 days to file a response).

The next *Pioneer* factor is the length of the delay. Dispositive motions were due on September 25, 2018. (Doc. 13.) Thus, the delay has been three months, which is not insignificant. Nevertheless, the lawsuit was filed on June 8, 2017, such that extending the dispositive motion deadline three months will not push the deadline beyond the two-year mark. Moreover, the Ninth Circuit has found longer delays reasonable. *See Lemoge*, 587 F.3d at 1197.

The third *Pioneer* factor is the reason for the delay. The reason here was a simple clerical error—Defendants' counsel failed to calendar the deadline. The Ninth Circuit has held that calendaring errors can constitute excusable neglect. *Ahanchian*, 624 F.3d at 1255 (district court abused its discretion by denying motion to accept late-filed brief where tardiness was caused by calendaring error); *Pincay*, 389 F.3d at 854–55 (affirming district court decision to accept late filing due to a paralegal's calendaring error); *Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016) ("[W]here other factors counsel relief, a calendaring mistake and related failure to catch that mistake is no bar to . . . relief."). Certainly, a pattern of missed deadlines caused by calendaring errors would be a greater cause for concern, as would the absence of any reliable calendaring system whatsoever. *Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (neglect not excusable where it was "systemic (as evidenced by the fact that it happened more than once)" and where there was no effective system in place). Here, however, there is no pattern of negligence. The Court recognizes that people make mistakes—even the most competent

professionals are likely to make a simple clerical error at some point in their careers. The Court finds that the simple calendaring error here does not weigh strongly for or against granting the motion for leave to file late, as it falls somewhere in the middle of the spectrum of least-compelling to most-compelling reasons. *See Newport-Mesa*, 840 F.3d at 643 ("This is not a case where counsel's neglect is so egregious that it outweighs the remaining three factors.").

The final *Pioneer* factor is whether the movant acted in good faith. The Court cannot conceive of any possible practical advantage Defendants could have hoped to gain by missing the deadline for dispositive motions. Nothing has changed in the case since the deadline elapsed. Not only is there no evidence of bad faith, there is not even any imaginable bad-faith motive here. The calendaring mistake "resulted from negligence and carelessness, not from deviousness or willfulness." *Lemoge*, 587 F.3d at 1197.

In sum, the Court finds that the lack of prejudice to Plaintiffs and the fact that Defendants erred in good faith weigh strongly in favor of granting an extension to the dispositive motion deadline, the length of the delay weighs weakly against granting the extension, and the reason for the delay is either neutral or weighs weakly in favor of granting the extension. The Court determines that the equities weigh in favor of extending the dispositive motions deadline and therefore grants the motion to the extent that it seeks an extension of the dispositive motion deadline.

Thus,

**IT IS ORDERED** denying as moot in part and granting in part Defendants' Rule 60 Motion for Relief from This Court's December 6, 2018 Order (Doc. 29).

**IT IS FURTHER ORDERED** that Defendants have until January 11, 2019 to file their dispositive motion.

Dated this 2nd day of January, 2019.

Dominic W. Lanza
United States District Judge